IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE, et al., | ) | CV 08-14-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| H. DALE HALL, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| SAFARI CLUB INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| _____ | ) | |

Federal Defendants move to stay the proceedings so the Court can consider a motion to dismiss that Federal Defendants intend to file. Section 1712 of H.R. 1473 requires the Secretary of the Interior to reissue the final rule published on April 2, 2009 (74 Fed. Reg. 15123 et seq.). Under the rule, wolves in the Rocky Mountains distinct population segment would have Endangered Species Act protections only in Wyoming.

1

Once the 2009 rule is reissued, Wyoming wolves located in areas without approved wolf management plans will be managed under the 1994 10(j) regulations. Within Wyoming, only the Wind River tribal lands have an approved wolf management plan. So, only wolves located on the tribal lands will be managed according to the challenged 2008 10(j) regulations.[1] Federal Defendants insist that the Congressional rule will moot the case because most of the wolves in Wyoming will be managed by the 1994 10(j) regulations.

Plaintiffs oppose the motion. They argue reissuing the 2009 rule will not moot the case because wolves on the Wind River tribal lands will be governed by the challenged 2008 10(j) regulations. Plaintiffs argue they have standing to challenge the regulations. They also explain that the challenged regulations will govern management of all wolves in Wyoming once the state adopts an approved wolf management plan. Additionally, Plaintiffs intend to challenge the constitutionality of H.R. 1473 Section 1712. The challenged regulations will govern all wolves in the distinct population segment if the constitutional challenge is successful.

---

[1] The Wind River Indian Reservation is 3,473 square miles in size. The Reservation is larger than the State of Delaware, which is 2,044 square miles in size.

A court is "not required to dismiss a live controversy as moot merely because it may become moot in the near future." Hunt v. Imperial Merchant Services, Inc., 560 F.3d 1137, 1142 (9th Cir. 2009). Here, Federal Defendants have not presented convincing reasons to stay the case. Judicial economy and the parties' resources will not be conserved by delaying a ruling on the fully briefed and argued motions for summary judgment. The motion to stay presumes the success of the Federal Defendants' anticipate motion to dismiss that will be filed in response to an anticipated action by the Secretary of the Interior. No showing of hardship or inequity weighs in favor of delaying the resolution of the merits of the case.

IT IS HEREBY ORDERED that the Federal Defendants' Motion to Stay Proceedings (dkt #143) is DENIED.

Dated this 4th day of May, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT